IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

MARCUS DEANGELO ELLIS, #15080-035 §

VS. § CIVIL ACTION NO. 4:14cv180
　　　　　　　　　　　　　　　　　　　CRIM. NO. 4:10CR00189-001

UNITED STATES OF AMERICA §

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant Marcus Deangelo Ellis, an inmate confined at F.C.I. Memphis, brings this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The motion was referred for findings of fact, conclusions of law and recommendations for the disposition of the motion.

Background

On November 20, 2012, after a plea of guilty and pursuant to a written plea agreement, Ellis was sentenced to 262 months of imprisonment for the offense of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. The Fifth Circuit dismissed his appeal for want of prosecution. *United States v. Ellis*, No. 12-41347 (5th Cir. Feb. 1, 2013).

The present motion was filed on March 27, 2014. On August 4, 2014, pursuant to an order of the Court, Ellis filed his motion on the requisite § 2255 form (docket entry #5). He argued that he is entitled to relief because his attorney was ineffective in the following respects:

1. Counsel was ineffective for failing to challenge venue;

2. Counsel was ineffective for stipulating that Ellis was responsible for at least five kilograms but less than fifteen kilograms of cocaine;

3. Counsel was ineffective for attempting to obtain a sentence modification based on a polygraph test; and

4. Counsel was ineffective for failing to enter into a meaningful plea agreement with the Government.

1

The Government filed a response (docket entry #13) on November 21, 2014. Ellis filed a motion to strike the response as time-barred (docket entry #14). On December 17, 2014, the Court granted the Government's motion for an extension of time to file a response.

Discussion and Analysis

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). The movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-01 (5th Cir. 1992). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). The role of § 2255 has been defined by the Fifth Circuit as follows:

> Section 2255 provides relief for a petitioner who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack.

*United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted). "Section 2255 does not reach errors of constitutional or jurisdictional magnitude that could have been reached by a direct appeal." *Id.*

The plea agreement signed by Ellis included the following provision:

> 12. **WAIVER OF RIGHT TO APPEAL OR OTHERWISE CHALLENGE SENTENCE:** Except as otherwise provided herein, the defendant expressly waives the right to appeal the conviction, sentence, fine and/or order of restitution or forfeiture in this case on all grounds. The defendant further agrees not to contest the conviction, sentence, fine and/or order of restitution or forfeiture in any post-conviction proceeding, including, but not limited to a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum, and (b) a claim of ineffective assistance of counsel that affects the validity of the waiver or plea itself.

The Fifth Circuit upheld the informed and voluntary waiver of post-conviction relief in *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). In *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995), the Fifth Circuit observed that it had approved the use of waivers but added that it was inappropriate to enforce a waiver of an appeal "tainted by ineffective assistance of counsel." In *United States v. White*, 307 F.3d 336 (5th Cir. 2002), the Fifth Circuit held that an ineffective assistance of counsel claim raised in a § 2255 proceeding survives a waiver only when the claimed assistance directly affected the validity of that waiver or the plea itself. The Fifth Circuit subsequently noted that it has upheld § 2255 waivers except for when there is an ineffective assistance of counsel claim that affects the validity of that waiver or the plea itself or when the sentence exceeds the statutory maximum. *United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004). More recently, the Fifth Circuit observed that "the better practice is to ask expressly if the defendant read and understood the plea agreement." *United States v. Narvaez*, 452 F. App. 488, 492 (5th Cir. 2011).

At the change of plea hearing, the Magistrate Judge fully explored whether Ellis' guilty plea and waiver were entered knowingly and voluntarily. Ellis stated that he was satisfied with the representation of his attorney, that he had adequate time to discuss the charges in the indictment with his attorney and was satisfied that his attorney had considered any possible defenses to the charges. PH Tr. 5-6. He stated that he understood the charges against him and its elements. *Id.* at 7-9. He specified that he understood that the minimum sentence was ten years of imprisonment and that the maximum sentence was life imprisonment. *Id.* at 9. He specified that he was pleading guilty of his own freewill and because he was guilty. *Id.* at 17. It is specifically noted that the Magistrate Judge reviewed the plea agreement with Ellis. *Id.* at 13-18. Ellis specified that he understood the plea agreement, including the waiver. *Id.* at 15. He specified he understood he was waiving a proceeding under § 2255. *Id.* at 16. Ellis' statements in open court make it abundantly clear that his guilty plea

3

and waiver were entered knowingly and voluntarily. The Fifth Circuit has held that "solemn declarations in open court carry a strong presumption of verity." *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)).

Ellis has not shown that his guilty plea was not entered knowingly and voluntarily. His § 2255 motion does not address the waiver provision in the plea agreement. He failed to show that his waiver was not entered knowingly and voluntarily. He likewise failed to show that ineffective assistance of counsel affected the validity of the waiver or the plea itself. The Court is of the opinion that the waiver is valid and that it should be upheld; thus, the § 2255 motion may be denied on that basis alone.

In addition to the foregoing, the § 2255 motion should be denied because it lacks merit. Ellis argues that he is entitled to relief because of ineffective assistance of counsel. Ineffective assistance of counsel claims are governed by the Supreme Court's standard established in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* provides a two-pronged standard, and a petitioner bears the burden of proving both prongs. *Id.* at 687. Under the first prong, he must show that counsel's performance was deficient. *Id.* To establish deficient performance, he must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Id.* at 688. The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* at 690. Under the second prong, a petitioner must show that his attorney's deficient performance resulted in prejudice. *Id.* at 687. To satisfy the prejudice prong, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. An ineffective assistance of counsel claim fails if a petitioner cannot satisfy either the deficient performance or

prejudice prong; a court need not evaluate both if he makes an insufficient showing as to either. *Id.* at 697.

Ellis initially argued that his attorney was ineffective for failing to challenge venue. He noted that he was a resident of Shreveport, Louisiana, as opposed to a location in the Eastern District of Texas. He asserted that the alleged "controlled delivery" took place within the confines of Shreveport, rather than a location within this Court's jurisdiction. His venue argument is based on the claim that "[a]ny person leaving this judicial district to meet Mr. Ellis at the date and time of arrest were either government agents or persons acting under control of the government." He stressed that "preparatory acts [including, but not limited to, telephone calls] alone cannot support venue." *United States v. Strain*, 396 F.3d 689, 697 (5th Cir. 2005).

The Government correctly observed that *Strain* does not apply. The defendant in *Strain* was charged with harboring and concealing a fugitive, her husband, in violation of 18 U.S.C. § 1701. *Id.* at 691. The Government argued in *Strain* that venue was proper in the Western District of Texas based on phone calls made by Strain to her husband while she was in the Western District of Texas. *Id.* Relying on the venue statute for a continuing offense alleged to have been committed in multiple districts, the Fifth Circuit held that phone calls between Strain and her husband did not constitute a physical act that would make venue proper in the Western District of Texas. *Id.* at 692 n.2.

Ellis, on the other hand, was charged with a conspiracy. In "conspiracy offenses, venue is proper in any district where the agreement was formed or an overt act occurred" in furtherance of the conspiracy. *United States v. Caldwell*, 16 F.3d 623, 624 (5th Cir. 1994) (citations omitted). The circumstances surrounding venue in the present case are identical to those in *United States v. Garcia-Mendoza*, 587 F.3d 682 (5th Cir. 2009). The defendants were charged with conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846. *Id.* at 684-85. The co-

5

conspirators were transporting the drugs from Dallas to Shreveport via Interstate 20. *Id.* at 686. The route passed through the Eastern District of Texas. *Id.* The Fifth Circuit found that "one co-conspirator's travel through a judicial district in furtherance of the crime alleged establishes venue as to all co-conspirators." *Id.* at 687. *See also United States v. Rodriguez-Lopez*, 756 F.3d 422, 430 (5th Cir. 2014) (venue was proper in the Eastern District of Texas since one co-conspirator hauled marijuana through the district).

In the present case, co-conspirators Aguila and Morales were observed leaving Dallas and heading to Shreveport via Interstate 20. PSR ¶ 14. They were stopped by the DPS in Van Zandt County in the Eastern District of Texas and found to be in possession of 7.027 kilograms of cocaine. PSR ¶ 16. They confessed that this cocaine was to be delivered to an individual later identified as Ellis. PSR ¶ 17-18. Venue was thus proper in the Eastern District of Texas based on this overt act in furtherance of the conspiracy. Defense counsel did not have a valid basis upon which to challenge venue. A defense attorney is not required to make frivolous or futile motions or objections. *Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). Ellis' trial counsel was not ineffective for failing to file a frivolous motion challenging venue. His first ineffective assistance of counsel claim lacks merit.

Ellis next alleges that his attorney was ineffective for stipulating that he was responsible for at least five kilograms but less than fifteen kilograms of cocaine. In support of this claim, Ellis focuses on DEA Agent Richard Martinez's statement that he was conducting a "controlled delivery." SH Tr. 12. According to Martinez, Ellis and another individual "were to receive three kilograms of cocaine for approximately $74,000." *Id.*

The Government correctly noted that a defendant in a drug conspiracy can be held responsible for the amount of drugs that he knew or reasonably could have known or believed were involved in

6

the conspiracy. *United States v. Akin*, 746 F.3d 590, 607 (5th Cir. 2014). In determining the defendant's responsibility, his relationship to the other conspirators and any other information with sufficient indicia of responsibility can be considered. *Id.*

In the present case, the record shows that Ellis was a leader or organizer in the conspiracy. SH Tr. 8. He participated in seven to ten drug transactions. PSR ¶ 22. As a leader of the conspiracy, it was reasonably foreseeable for Ellis to know that Aguila and Morales were transporting 7.072 kg. of cocaine. Counsel's representation was not deficient for encouraging Ellis to stipulate to a range of not less than five but not more than fifteen grams of cocaine. The second ineffective assistance of counsel claim lacks merit.

Ellis next argues that his attorney was ineffective for attempting to obtain a sentence modification based on a polygraph test. More specifically, counsel attempted to persuade the Court that Ellis was not a leader or director of the conspiracy based on the results of the polygraph. SH Tr. 6. He stressed that "Fifth Circuit precedents unequivocally hold that such evidence is inadmissible." *United States v. Clark*, 598 F.2d 994, 995 (5th Cir. 1979).

The Government persuasively argued that Ellis cannot satisfy *Strickland*'s prejudice prong. The transcript from the sentencing hearing reveals that the Court specifically observed that the results of the polygraph test were inadmissible and could not be considered. SH Tr. 8. Ellis has not shown that his attorney's comments during the sentencing hearing were considered or harmed him in any respect. He has not satisfied the second prong of *Strickland*. Moreover, regardless of whatever possibly could have been shown on the inadmissible polygraph test, the admissible evidence in this case supports a conclusion that Ellis was an organizer or leader of the conspiracy; thus, the four point enhancement was appropriate. The third ineffective assistance of counsel claim lacks merit.

Ellis finally argued that counsel was ineffective for failing to enter into a meaningful plea agreement with the Government. He observed that the plea agreement was drafted by the Government and that it did not provide any benefit to him other than a two-level reduction pursuant to acceptance of responsibility and an additional one-level reduction by pleading guilty in a timely fashion. Ellis has not, however, cited any authority showing that he has a basis for relief on this claim. He offered nothing other than conclusory allegations and bald assertions, which are insufficient to support a petition for a writ of habeas corpus. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000); *Koch,* 907 F.2d at 530; *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). Nonetheless, in order to obtain relief, he must show that his attorney's representation fell below an objective standard of reasonableness and a reasonable probability exists that, "but for counsel's errors, he would have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). More recently, the Supreme Court reiterated that the failure of a petitioner to make that showing forecloses the possibility of relief. *Premo v. Moore*, 562 U.S. 115, ___, 131 S. Ct. 733, 745 (2011). Ellis' claim neither addresses nor satisfies the standard for obtaining relief. Thus his final ineffective assistance claim, like all of his previous ineffective assistance of counsel claims, lacks merit.

In conclusion, the motion to vacate, set aside or correct Ellis' sentence should be denied.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Ellis has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether Ellis would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best

position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Ellis' § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the court find that Ellis is not entitled to a certificate of appealability as to the claims raised.

## Recommendation

It is recommended that Ellis' motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 be denied and the case dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 11th day of February, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE